State v. King

STATE OF NORTH CAROLINA v. DAVID RAY KING AND MARK McDOUGALD

No. 7412SC346

(Filed 15 May 1974)

1. Criminal Law § 161— assignment of error abandoned
    An assignment of error not supported by argument and authority is deemed abandoned.

2. Criminal Law § 117— accomplice testimony — instructions not required
    In the absence of a special request, the failure of the court to charge the jury to scrutinize the testimony of an accomplice will not be held for error.

APPEAL by defendants from *Canaday, Judge,* 10 December 1973 Criminal Session of Superior Court held in CUMBERLAND County.

Defendants appeal from judgments sentencing them to prison upon their convictions for felonious breaking and entering and felonious larceny. They assign as errors (1) the denial of their motions for nonsuit and (2) the failure of the trial judge to charge the jury to scrutinize the testimony of the State's witness, Ralph Long, an accomplice.

*Attorney General Robert Morgan by Associate Attorney E. Thomas Maddox, Jr. for the State.*

*Mitchel E. Gadsden for defendant appellants.*

State v. Harris

PARKER, Judge.

[1] Appellants have set forth no argument and have cited no authority in support of their first assignment of error, which is accordingly deemed abandoned. In any event, there was ample evidence to warrant submitting the cases to the jury.

[2] As to appellants' second assignment of error, the rule is that in the absence of a special request, the failure of the court to charge the jury to scrutinize the testimony of an accomplice will not be held for error, the matter being a subordinate and not a substantive feature of the case. *State v. Brinson,* 277 N.C. 286, 177 S.E. 2d 398. Here, there was no request for such an instruction.

No error.

Chief Judge BROCK and Judge BALEY concur.