STATE OF NORTH CAROLINA v. MARVIN BAGBY

No. 809SC20

(Filed 5 August 1980)

**Criminal Law § 117.4— accomplice not given immunity — no instruction to scrutinize testimony — no error**

Where an accomplice was not granted immunity under G.S. 15A-1052, the trial court did not err in failing to charge the jury, absent a request by defendant, to scrutinize the testimony of the accomplice.

APPEAL by defendant from *Brannon (A.M.), Judge.* Judgment entered 17 August 1979 in Superior Court, WARREN County. Heard in the Court of Appeals 14 May 1980.

Defendant was charged with the armed robbery of Howard Eldreth, service station operator, on the night of 19 May 1979, with the taking of $185.00.

Defendant was convicted as charged. He appeals from the judgment imposing a prison term. The State's evidence consisted primarily of an accomplice, Stanley Russell, who testified he was with defendant in the robbery and that they divided the money taken.

On cross-examination Russell testified that he had pleaded guilty to the armed robbery but had not been sentenced. The District Attorney told Russell if he testified for the State, that he would recommend a minimum seven-year sentence.

The only evidence offered by defendant was Russell's transcript of plea, which indicated there had been no plea bargain.

*Attorney General Edmisten by Assistant Attorney General Marvin Schiller for the State.*

*Charles T. Johnson, Jr. for defendant appellant.*

CLARK, Judge.

The sole question raised by this appeal is whether the trial court erred in failing to instruct the jury without request that Russell, the State's principal witness, testified as an accomplice and as an interested witness under an agreement with the District Attorney for a sentence recommendation in exchange for his truthful testimony.

In support of his argument the defendant relies on the following: (1) G.S. 15A-1052(c), which requires that where immunity is granted with an order to testify the jury must be so informed before the witness testifies, and further, requires that the judge must instruct during the charge to the jury as in the case of an interested witness; (2) G.S. 15A-1054, which gives a prosecutor power to agree to charge reductions or to recommend sentence concessions upon the understanding that the suspect will provide truthful testimony as long as such arrangement is disclosed in writing to defense counsel a reasonable time before trial; and, if defense counsel is not so notified, he is entitled to a recess on grounds of surprise or other good cause; and (3) *State v. Hardy*, 293 N.C. 105, 235 S.E. 2d 828 (1977).

We find defendant's reliance is misplaced, because we do not find in the statutes or in the *Hardy* decision any exception to the long-established rule requiring a special request by defendant to have the court charge the jury to scrutinize the testimony of an accomplice. *State v. Brinson*, 277 N.C. 286, 177 S.E. 2d 398 (1970); *State v. King*, 21 N.C. App. 549, 204 S.E. 2d 927 (1974).

State v. Bagby

G.S. 15A-1052(c) contains the mandatory "scrutiny" instruction when a witness testifies under immunity, but such an instruction is not mandated under an arrangement short of "immunity" (such as charge reduction or sentence concession) as provided for in G.S. 15A-1054. Nor do we find any language in *State v. Hardy, supra,* which supports defendant's argument.

Since Russell was not granted immunity under G.S. 15A-1052 but entered into an arrangement with the prosecutor for a charge reduction and concession for a minimum sentence of seven years, the trial court did not err in failing to charge the jury, absent a request by defendant, to scrutinize carefully the testimony of the accomplice Russell.

No error.

Chief Judge Morris and Judge Erwin concur.