STATE OF NORTH CAROLINA v. MARK DUANE FLETCHER

No. 95

(Filed 2 December 1980)

**Homicide § 21.7— second degree murder — sufficiency of evidence**

Evidence was sufficient for the jury in a second degree murder prosecution where it tended to show that defendant and the victim were passengers in an automobile; the two were having a discussion; defendant shot the victim in the back of the head; the driver proceeded down a dirt road for 70 to 75 yards whereupon defendant dragged the victim's body into the woods and shot it six or seven more times; defendant took a wallet and approximately $50 off the victim and returned to the car; and defendant returned to the site of the crime approximately six weeks later and moved the body elsewhere.

Justice BROCK took no part in the consideration or decision of this case.

DEFENDANT appeals from judgment of *Fountain, J.*, 24 March 1980 Criminal Session, ONSLOW Superior Court.

In a bill of indictment, proper in form, defendant was charged with the murder of Jimmy Leroy Dulaney on 23 May 1979 in

Onslow County. For reasons not disclosed by the record, he was placed on trial for murder in the second degree only.

Benjamin Duval testified that on and prior to 23 May 1979 he and defendant were both members of the United States Marine Corps and were stationed at Camp LeJeune in Onslow County. At defendant's request, he drove defendant and a man named Jimmy Leroy Dulaney away from the base during the lunch hour on 23 May 1979. Defendant said they wanted to go to "another guy's house," and Duvall followed the directions given by defendant. Defendant rode in the back seat and Dulaney in the front seat beside the driver. They drove along Highway 24 toward Swansboro. Defendant and Dulaney were discussing something about hash. Shortly before reaching Swansboro, they turned down the road to Belgrade and proceeded two or more miles. At that point, defendant shot Dulaney in the back of the head and told Duval to keep driving. Defendant put a pair of old blue jeans over Dulaney's head and told Duval to drive down a dirt road, which he did for about seventy to seventy-five yards and stopped. Defendant dragged Dulaney's body into the woods, a distance of fifty to sixty feet, and then shot the body six or seven more times. Defendant took a wallet and approximately fifty dollars off the victim, returned to the car and told Duval to remain silent because he was an accomplice now. They returned to the base at Camp LeJeune.

On 4 July 1979, Duval and defendant returned to the site of the crime and moved the body elsewhere. Parts of the body were found on 1 August 1979 at both locations. Duval's testimony was corroborated in many respects by other witnesses. Incriminating letters written by defendant were also introduced in evidence.

Duval further testified he had entered a plea of guilty in this case and faced a sentence of twenty years in prison.

Defendant offered no evidence.

The jury convicted defendant of murder in the second degree, and he was sentenced to life imprisonment. He appealed to this Court urging errors noted in the opinion.

*Rufus L. Edmisten, Attorney General, by Elisha H. Bunting, Jr., Assistant Attorney General, for the State.*

*Richard S. James, attorney for defendant appellant.*

HUSKINS, Justice.

Defendant contends the State's evidence was insufficient to repel his motion for judgment of nonsuit made at the close of the State's evidence. Denial of that motion constitutes his first assignment of error.

It is elementary that a motion to nonsuit requires the trial court to consider the evidence in its light most favorable to the State, take it as true, and give the State the benefit of every reasonable inference to be drawn therefrom. *State v. Cook*, 273 N.C. 377, 160 S.E. 2d 49 (1968). Whether the evidence is direct, circumstantial, or both, if there is evidence from which a jury could find that the offense charged had been committed and that defendant committed it, the motion to nonsuit should be overruled. *State v. Goines*, 273 N.C. 509, 160 S.E.2d 469 (1968). When so considered, the evidence in this case is sufficient to support a conviction for murder in the first degree. There is substantial evidence of every material element of first degree murder, including premeditation and deliberation as well as felony murder, *i.e.*, a murder committed in the perpetration of a felony. Defendant's guilt or innocence of second degree murder was therefore a question for the jury. The record contains abundant evidence of an unlawful killing done with malice. Defendant cannot complain that a benevolent State saw fit to spare his life. The motion for compulsory nonsuit was properly denied.

Defendant's motion to set aside the verdict is merely formal and requires no discussion. Such motion is addressed to the discretion of the trial court, and refusal to grant it is not reviewable absent abuse of discretion. *State v. Downey*, 253 N.C. 348, 117 S.E. 2d 39 (1960); *State v. Reddick*, 222 N.C. 520, 23 S.E. 2d 909 (1943). No abuse of discretion is shown, and the motion was properly denied. *State v. McNeil*, 280 N.C. 159, 185 S.E.2d 156 (1971).

Notwithstandig the overwhelming evidence of defendant's guilt, we have examined the entire record and find no prejudicial error. The judgment must therefore be sustained.

No error.

Justice BROCK took no part in the consideration or decision of this case.