STATE OF NORTH CAROLINA v. FRANK E. POLLOCK, JR.

No. 813SC1037

(Filed 6 April 1982)

1. Criminal Law § 91.6— denial of continuance—no violation of right to confrontation

Defendant's constitutional right of confrontation was not violated by the denial of his motion for continuance made on the ground that he was not informed until five days before trial that the State intended to use against defendant the testimony of an alleged co-participant in the crimes charged where defendant made no showing that five days was an unreasonably short time to prepare for the adverse testimony or that additional time would have enabled him to secure specific material evidence with which to counteract the adverse testimony.

2. Criminal Law § 117.3— witness not testifying under grant of immunity—special "scrutiny" instructions not required

A witness was not testifying under a "grant of immunity" within the meaning of G.S. 15A-1052(c) where he testified pursuant to an agreement with the State that five of six charges against him would be dropped. Therefore, the trial court was not required to give special instructions concerning the witness's testimony absent a special request by the defendant.

3. Embezzlement § 5— possession of embezzled property—proof of ownership and embezzlement

In a prosecution for possession of embezzled meat and conspiracy to possess embezzled meat, the State's evidence was sufficient to show that the meat defendant was charged with possessing was owned by the Craven County Hospital Corporation as charged in the indictment where a witness testified that he had meat in his truck consigned to the hospital, that he took it to defendant's supermarket, and that he put meat which "belonged" to the hospital in the freezer at defendant's supermarket. Furthermore, the State's evidence was sufficient to show that the meat was embezzled where it tended to show that hospital employees were authorized to receive deliveries of meat purchased by the hospital and to sign invoices therefor, that those employees received such meat and signed such invoices, and that the employees diverted certain hospital meat to others for delivery to a supermarket owned by defendant.

APPEAL by defendant from *Small, Judge*. Judgment entered 2 May 1981 in Superior Court, CRAVEN County. Heard in the Court of Appeals 3 March 1982.

Defendant was charged in proper bills of indictment with possession of embezzled property and conspiracy to possess embezzled property. A jury found defendant guilty as charged, and from a judgment imposing a prison sentence of not more than four nor less than zero years, defendant appeals.

*Attorney General Rufus L. Edmisten, by Associate Attorney William H. Borden, for the State.*

*Donald D. Pollock, for defendant appellant.*

HEDRICK, Judge.

[1]   The first assignment of error brought forth in defendant's brief is "[t]he Court's denial of defendant's Motion to Continue." Defendant argues that he was not informed until five days before trial that the State intended to use against defendant the testimony of an alleged co-participant in a scheme to illegally divert quantities of meat belonging to a hospital, and that the denial of his motion for continuance denied him his constitutional rights to the "production of witnesses, effective assistance of counsel, his right to cross examine State's witnesses and his right to confront his accusers."

> Since defendant's motion for continuance is based on a right guaranteed by the Federal and State Constitutions, the decision of the trial judge is reviewable as a question of law. Thus, the question to be answered is: Did the refusal of the trial court to grant the [defendant's] motion for a continuance impinge upon his constitutional right of confrontation, in that it denied him a reasonable time within which to prepare and present his defense?

*State v. Abernathy,* 295 N.C. 147, 159, 244 S.E. 2d 373, 381 (1978). "Continuances should not be granted unless the reasons therefor are fully established," *State v. Rigsbee,* 285 N.C. 708, 711, 208 S.E. 2d 656, 658-59 (1974), and it is desirable that a motion for continuance be supported by an affidavit showing the grounds for continuance. *State v. Rigsbee, supra.* A continuance is proper if

there is a belief that *material* evidence will come to light and such belief is reasonably grounded on known facts, but a mere intangible hope that something helpful to a litigant may possibly turn up affords no sufficient basis for delaying a trial. *State v. Tolley,* 290 N.C. 349, 226 S.E. 2d 353 (1976).

In the present case, defendant had five days in which to prepare a trial strategy for confronting the testimony of the alleged co-participant. Defendant has made no showing that five days was an unreasonably short time to prepare for the adverse testimony. He has not provided an affidavit nor otherwise demonstrated that the additional time afforded by a continuance would have enabled him to secure specific material evidence with which to counteract the adverse testimony. The denial of the motion for continuance did not impinge upon defendant's constitutional rights of confrontation, and this assignment of error is overruled.

[2] By his next assignment of error, defendant argues that the trial court erred in failing to inform the jury prior to the testimony of the alleged co-participant, Charles Koonce, that Koonce was testifying pursuant to an agreement with the State by which five of six charges against him would be dropped; defendant argues also that the trial court erred in not instructing the jury, in its final charge, on interested witnesses. It is defendant's contention that the agreement between Koonce and the State constituted a "grant of immunity" requiring, under G.S. § 15A-1052(c), the court to provide special information and instructions to the jury.

G.S. § 15A-1052(c) provides:

> In a jury trial the judge must inform the jury of the grant of immunity and the order to testify prior to the testimony of the witness under the grant of immunity. During the charge to the jury, the judge must instruct the jury as in the case of interested witnesses.

The statutory "scrutiny" instruction is required, absent a special request by the defendant, only when a witness testifies under immunity. *State v. Bagby,* 48 N.C. App. 222, 268 S.E. 2d 233 (1980). "[S]uch an instruction is not mandated under an arrangement short of 'immunity' (such as charge reduction . . . )" unless the

defendant makes a special request therefor. *State v. Bagby, supra* at 224, 268 S.E. 2d at 234. In the present case, defendant made no special request for a "scrutiny" instruction, and Charles Koonce received no grant of immunity but merely had some of the charges against him dismissed. Hence, G.S. § 15A-1052(c) did not apply and the court was not otherwise required to issue special instructions concerning Koonce's testimony. This assignment of error is without merit.

[3] Finally, defendant assigns error to the court's failure to dismiss the charges against him at the close of all the evidence. Defendant argues that there was a fatal variance between the allegations contained in the bills of indictment and the proof offered by the State, in that the State failed to offer proof that the meat defendant was charged with possessing was owned, as charged in the bills of indictment, by the Craven County Hospital Corporation. Defendant contends the State's evidence tended to show only that the meat was owned by another entity. Alternatively, defendant argues that the State presented no evidence that the meat was embezzled, as required by the indictments, but only that the meat was stolen.

"[T]he evidence in a criminal case must correspond with the allegations of the indictment which are essential and material to charge the offense." *State v. McDowell,* 1 N.C. App. 361, 365, 161 S.E. 2d 769, 771 (1968). The purpose of the rule as to variance between indictment and proof is to avoid surprise, in that a discrepancy must not be used to ensnare a defendant or to deprive him of an opportunity to present his defense. *State v. Guffey,* 39 N.C. App. 359, 250 S.E. 2d 96 (1979). A motion to dismiss for insufficiency of the evidence requires the trial court to consider the evidence in the light most favorable to the State, to take it as true, and to give the State the benefit of every reasonable inference to be drawn therefrom; if there is evidence from which a jury could find that the offense charged had been committed by the defendant, the motion must be overruled. *State v. Fletcher,* 301 N.C. 515, 271 S.E. 2d 913 (1980).

In the present case, Charles Koonce testified about diversions he made of "hospital meat." One excerpt of that testimony is as follows:

I was at the hospital on that date to make a delivery. I did have meat on my truck consigned to the hospital on that occasion. . . . The merchandise that remained on the truck that I delivered somewhere else was supposed to have went [sic] to the hospital.

Q. And where did you take it?

. . .

A. I carried it to Frank Pollock's Supermarket.

. . .

Q. Describe what you did with it when you arrived there.

. . .

A. I backed up to the back door and put the merchandise that *belonged* to the hospital in the freezer and I told them, you know, what I did and, you know, they paid me off at that time. [Emphasis added.]

This testimony alone is sufficient evidence that the Craven County Hospital Corporation owned the meat which defendant was charged with possessing; hence there was no variance between proof and allegations as to who owned the meat.

To present proof conforming to the "embezzled" property allegation in the indictment, the State needed to present evidence that an agent of the hospital, by the terms of his employment, was to receive hospital-owned meat with which defendant was charged with possessing, and that the agent received such meat in the course of his employment and, knowing that it was not his own, converted it to his own use or fraudulently misapplied it. *See State v. Seay*, 44 N.C. App. 301, 260 S.E. 2d 786 (1979), *disc. rev. denied and appeal dismissed*, 299 N.C. 333, 265 S.E. 2d 401, *cert. denied*, 449 U.S. 826, 66 L.Ed. 2d 29, 101 S.Ct. 89 (1980). The State presented evidence tending to show that such hospital employees as Tony Marshall, Morris Simmons, and Thomas Barry were employed to receive deliveries of meat purchased by the hospital and sign invoices therefor, that those employees received such meat and signed such invoices and ordered that certain hospital meat be diverted to Charles Koonce and others to a

supermarket owned by defendant and that such diversion did occur. Although, as defendant contends, this evidence may show that the meat was "stolen" by Charles Koonce, this evidence also suffices to conform the State's proof to the allegation that the meat which defendant was charged with possessing was embezzled, in that the evidence tends to show a misappropriation of hospital meat by hospital employees. This assignment of error, therefore, has no merit.

We hold defendant had a fair trial free of prejudicial error.

No error.

Chief Judge MORRIS and Judge VAUGHN concur.