STATE OF NORTH CAROLINA v. ANSON AVERY MAYNARD

No. 8212SC1234

(Filed 15 November 1983)

**1. Criminal Law § 117.4— failure to inform jury of grant of immunity and instruct jury concerning interested witness—no prejudicial error**

The trial court did not commit prejudicial error by failing to "instruct the jury as in the case of interested witnesses," as required by G.S. 15A-1052(c) since (1) the statute is not applicable where there is no evidence of a formal grant of immunity, (2) the record established that the jury was fully informed of the arrangement between the witness and the prosecutor, and (3) even without the testimony of the witness, there was sufficient evidence to raise a reasonable inference of defendant's guilt of the crime for which he was charged.

**2. Criminal Law § 118.2— charge on contentions of parties—no disparity**

There was no merit to defendant's contention that the court erred in omitting evidence favorable to him in its summary of the evidence since (1) defendant offered no evidence but relied on evidence elicited upon cross-examination of the State's witnesses, which evidence the court did refer to, and (2) defendant failed to object to the charge at trial.

APPEAL by defendant from *McLelland, Judge*. Judgment entered 13 July 1982 in Superior Court, HOKE County. Heard in the Court of Appeals 19 September 1983.

Defendant was charged with possession of stolen goods. Evidence for the State tended to show that defendant accompanied Jerry Wayne Scott when Scott broke into a trailer and storage building owned by John L. Owens. Scott and defendant took from the building various tools and other equipment worth approximately $4,430. They carried the goods from rural Hoke County to Lumberton, where they sold them to Billy McGirt for $500.00.

Scott turned State's evidence pursuant to an agreement with the prosecutor granting him immunity from prosecution, and he offered testimony incriminating defendant. Defendant offered no evidence.

From a judgment of imprisonment entered upon a verdict of guilty, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Robert L. Hillman, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Lorinzo L. Joyner, for defendant appellant.*

WHICHARD, Judge.

I.

[1]   Defendant contends he is entitled to a new trial because the court failed to inform the jury of the "grant of immunity" to the witness Scott and to "instruct the jury as in the case of interested witnesses," as required by G.S. 15A-1052(c). We find no prejudicial error warranting a new trial.

Article 61 of Chapter 15A (G.S. 15A-1051 *et seq.*), entitled "Granting of Immunity to Witnesses," was modelled after the Federal Immunity of Witnesses Act, 18 U.S.C. §§ 6001 to 6005. *See* G.S. 15A, Article 61 official commentary. The federal statute deals only with judicial orders of immunity, not with informal grants of immunity in the exercise of prosecutorial discretion. The parallel provision of the North Carolina statute, relating to judicial orders of immunity, is G.S. 15A-1051(a). The official commentary to this section states:

> A *formal* grant of immunity is not conferred under this Article *unless* the witness is first asked the incriminating question, claims his privilege against self-incrimination, and is then ordered *by a judge* to answer the question notwithstanding his privilege. If he does answer the question, then immunity from prosecution is conferred. [Emphasis supplied.]

G.S. 15A-1052(a) and (b) specify the procedure by which the State must apply for such a judicial order. The official commentary indicates that the language "must be issued" in subsection (a) was intended to be mandatory on the judge "except in the most extraordinary situations," and that subsection (c) was therefore added in response to "fears that prosecutors might abuse the power of granting immunity." G.S. 15A-1052 official commentary. The subsection reads in full:

> In a jury trial the judge must inform the jury of the grant of immunity *and the order to testify* prior to the testimony of

the witness under the grant of immunity. During the charge to the jury, the judge must instruct the jury as in the case of interested witnesses.

G.S. 15A-1052(c) (emphasis supplied). The emphasized language indicates that the subsection applies only to judicial orders of immunity, not to informal grants of immunity in the exercise of prosecutorial discretion.

This conclusion appears confirmed by the presence of G.S. 15A-1054 and -1055 and the official commentary thereto. G.S. 15A-1054(a) gives prosecutors discretionary authority to enter into arrangements "[w]hether or not a grant of immunity is conferred." The official commentary refers to these as "more informal assurance[s] of lenience" or "quasi-immunity." G.S. 15A-1054 official commentary. G.S. 15A-1055 refers in three instances to a "grant of immunity *or . . .* an arrangement under G.S. 15A-1054," and the official commentary makes the identical distinction. (Emphasis supplied.) The statute and the commentary thereto indicate, then, that G.S. 15A-1052(c) applies only where a judicial order granting immunity has been issued. G.S. 15A-1054(c) provides a different safeguard, *i.e.*, a requirement of written advance notice to defense counsel, where, as here, an arrangement for truthful testimony is made in the exercise of prosecutorial discretion pursuant to G.S. 15A-1054.

We are cognizant of decisions which appear to require compliance with G.S. 15A-1052(c) in cases where the witness testified pursuant to an agreement with the prosecutor under G.S. 15A-1054. *See, e.g., State v. Hardy*, 293 N.C. 105, 235 S.E. 2d 828 (1977) (witness testified under a plea bargain arrangement with prosecutor; court stated that G.S. 15A-1052(c) required instruction that he was interested witness whose testimony should be carefully scrutinized); *State v. Morgan*, 60 N.C. App. 614, 299 S.E. 2d 823 (1983) (witness granted immunity from prosecution under G.S. 15A-1054 agreement with prosecutor; failure to instruct pursuant to G.S. 15A-1052(c) one of grounds for requiring new trial). *But see State v. Pollock*, 56 N.C. App. 692, 289 S.E. 2d 588 (witness testified pursuant to agreement with prosecutor that five of six charges would be dismissed; court stated that since no grant of immunity given, scrutiny instruction not required absent special request), *disc. rev. denied and appeal dismissed*, 305 N.C.

590, 292 S.E. 2d 573 (1982); *State v. Bagby*, 48 N.C. App. 222, 268 S.E. 2d 233 (1980) (witness testified pursuant to agreement with prosecutor for sentence recommendation; agreements for charge reduction or sentence recommendation do not constitute grant of immunity, so special request is required in order to give scrutiny instruction), *disc. rev. denied*, 301 N.C. 723, 276 S.E. 2d 284 (1981). There was no special request here. Further, in the most recent pronouncement on this question our Supreme Court stated that where there is no evidence of a formal grant of immunity, "N.C. G.S. § 15A-1052(c) (1978), which requires the trial court to inform the jury of a grant of immunity and to 'instruct the jury as in the case of interested witnesses,' is not applicable." *State v. Bare*, 309 N.C. 122, 126-127, 305 S.E. 2d 513, 516 (1983). We thus conclude that the court did not err in failing to comply with G.S. 15A-1052(c).

Conceding error, *arguendo*, defendant has not sustained his burden of showing prejudice therefrom. G.S. 15A-1443(a); *State v. Loren*, 302 N.C. 607, 613, 276 S.E. 2d 365, 369 (1981). The record establishes that the jury was fully informed of the arrangement between the witness Scott and the prosecutor. The prosecutor asked the witness whether he had entered such an agreement, and he responded in the affirmative. On cross-examination defendant elicited the following testimony: the witness had committed other crimes while under immunity in this case; he was then an inmate; he had served as an informant and was "jail wise"; he received a bond reduction in exchange for his agreement; he had promised to give defendant to the State "on a silver platter"; and he would do "just about anything" to get out of jail. The detective who originally dealt with the witness confirmed the "silver platter" and "jail wise" testimony, and testified that the prosecutor did not want to buy a "pig in a poke" in dealing with the witness. He specifically testified that the witness would not be prosecuted in this case. The court gave an accomplice instruction, directing the jury to examine the testimony of this witness "with the greatest care and caution, and in light of his interest as an accomplice." It also reminded the jury of the "silver platter" deal in its summary of the evidence. In these circumstances the jury could not have been unaware of the nature of the witness or of the agreement. *Cf. State v. Morgan, supra* (where witness consistently denied deal).

Finally, the owner of the stolen items testified that they had been stolen between 5 January 1981 and 11 January 1981. The purchaser of the items from defendant testified that defendant brought them to his house on 10 January 1981. The owner positively identified as his the items recovered from the purchaser. Defendant sold the goods to the purchaser for substantially less than their fair market value and later warned the purchaser that the law might be "coming out." Thus, even without the testimony of the witness Scott, there was evidence sufficient to raise a reasonable inference of defendant's guilt of possession of stolen property. *See State v. Greene*, 289 N.C. 578, 223 S.E. 2d 365 (1976) (possession of stolen property one week after theft allowed inference defendant was the thief); *see also State v. Perry*, 305 N.C. 225, 287 S.E. 2d 810 (1982).

For the foregoing reasons, these assignments of error are overruled.

II.

[2]   Defendant contends the court erred in omitting from its summary of the evidence "any and all evidence favorable to [him]." Defendant offered no evidence, but relied on evidence elicited upon cross-examination of the State's witnesses.

The court cited the evidence that the State's witness Scott, not defendant, had actually broken the lock on the door of the building from which the stolen tools and equipment were taken. It devoted a substantial portion of its summary to the crucial feature of defendant's case, *viz*, that Scott had promised "to give the Defendant to the State on a silver platter." The evidence omitted was neither substantive nor clearly exculpatory in nature, tending rather to show bias and interest on the part of the State's witnesses. The court thus was not required to summarize it. *State v. Moore*, 301 N.C. 262, 276-78, 271 S.E. 2d 242, 251-52 (1980). We find no substantive merit to this contention.

We further find that procedurally defendant has waived his right to object on appeal by failure to do so in the trial court. N.C. R. App. P. 10(b)(2); *State v. Bennett*, 308 N.C. 530, 535, 302 S.E. 2d 786, 790 (1983). At the conclusion of the charge the court excused the jury to deliberate, and immediately asked if counsel wished to note "objections, additions or omissions . . . in the

charge." Defense counsel responded: "We have no objections." While Rule 21, General Rules of Practice for Superior and District Courts, provides that opportunity to object to the charge shall be given "before the jury begins its deliberations," it also provides that the court may recall the jury to correct its instructions. In light of this power to recall the jury, we perceive no possible prejudice to defendant in the fact that the opportunity to object was granted immediately following excusing the jury to deliberate, rather than before. Further, because defendant had no objection to offer, the timing of the opportunity to object was immaterial. *See State v. Owens*, 61 N.C. App. 342, 343, 300 S.E. 2d 581, 582 (1983).

Finally, contrary to defendant's contention, no "plain error" appears. *See State v. Odom*, 307 N.C. 655, 660-61, 300 S.E. 2d 375, 378 (1983).

No error.

Chief Judge VAUGHN and Judge PHILLIPS concur.