STATE OF NORTH CAROLINA v. WALTER EUGENE SPINKS, JR.

No. 8518SC429

(Filed 5 November 1985)

**Criminal Law § 34.7— armed robbery—other offense—admissible**

    The trial court did not err in a prosecution for robbery with a dangerous weapon by admitting evidence that the day before the robbery defendant had pled guilty to an offense in U.S. District Court, sentencing had been deferred for four days with the suggestion that defendant would be placed on probation and fined $2,500, and defendant had been told to have the money with him on the scheduled hearing date. The evidence was relevant and admissible under Rule of Evidence 404(b) in that it tended to show that defendant had a motive for the commission of the robbery; moreover, any error was harmless because the evidence against defendant was overwhelming.

    Judge WELLS dissenting.

APPEAL by defendant from *DeRamus, Judge.* Judgment entered 3 October 1984 in Superior Court, GUILFORD County. Heard in the Court of Appeals 22 October 1985.

Defendant was indicted for robbery with a dangerous weapon. The State offered evidence which tended to show that at about midnight on 8 March 1984 Gerald Wheat left a "gambling house" and started home. As he neared home he noticed that he was being followed. When Wheat pulled into his driveway, he was accosted by a black male carrying a weapon. The robber took $571 from Wheat's wallet and bound and gagged the victim. The robber also took Wheat's briefcase from his vehicle. Wheat identified the defendant as the robber and described the robber's vehicle as a 1970 to 1974 yellow Buick with a black top.

At approximately 12:30 a.m., a High Point police officer received a description of the car used in the robbery. Shortly thereafter he saw a vehicle matching that description. The officer attempted to stop the vehicle. After a three-mile chase a black male jumped out of the car and fled. Wheat's briefcase and per-

sonal effects of the defendant were recovered from the vehicle, which was registered to the defendant. The State also presented, over defendant's objection, evidence which showed that the day before the robbery the defendant had pleaded guilty to an offense in U.S. District Court. The trial court required the State to present the evidence in summary form, which was read to the jury as follows:

> The defendant, Walter Eugene Spinks, appeared in United States District Court, Greensboro, North Carolina, on March 8th, 1984, in a hearing before U.S. District Court Judge Richard C. Erwin, which convened at 11:30 a.m.
>
> Walter Eugene Spinks was advised by Judge Erwin that he was subject to a maximum imprisonment of two years and a possible fine of $10,000.
>
> Judge Erwin deferred sentencing until Monday, March 12th, 1984, and suggested to Walter Eugene Spinks that he, Spinks, will [sic] be placed on probation and fined $2,500, and Spinks was to have the money or the availability of $2,500 with him, Spinks, on Monday, March the 12th, 1984.
>
> The Court advised Spinks to have the money with him on Monday, or his mother in court to transfer the money. The hearing was adjourned on March 8th, 1984.

The jury was not informed as to the nature of the offense, which was possession of a firearm by a convicted felon.

The defendant presented evidence from his sister and the sister's companion that defendant spent the night of the robbery at the sister's home in Ramseur. Defendant also attempted to present evidence that on the day after the robbery he attempted to report his car stolen.

Defendant was convicted as charged. From a judgment sentencing him to forty years imprisonment, defendant appealed.

*Attorney General Lacy H. Thornburg, by Associate Attorney T. Byron Smith, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender David W. Dorey, for defendant appellant.*

ARNOLD, Judge.

The sole issue presented for review is whether the trial court erred by allowing the State to introduce evidence that on the day prior to the robbery of Mr. Wheat the defendant had pleaded guilty to a crime in federal court and that he had been ordered to pay a fine of $2,500. Finding no error, we affirm the defendant's conviction.

Rule 404(b) of the North Carolina Rules of Evidence provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

This rule is consistent with prior North Carolina law. *See State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364 (1954).

The evidence in the case *sub judice* was admitted for the limited purpose of showing that the defendant needed money and, thus, had a motive to commit the robbery. Defendant relying upon *State v. Higgins,* 66 N.C. App. 1, 310 S.E. 2d 644, *aff'd* 310 N.C. 741, 314 S.E. 2d 550 (1984), argues that such an admission was improper. In *Higgins* this Court held that it was improper to admit pawnshop tickets to show that the defendant needed money and thus had a motive to commit the crime. *Higgins* is distinguishable from the case at bar because there the Court found that it was improper to introduce such evidence because it "would expose all generally needy persons to the risk of finding of guilt based in part upon their need for means of sustenance." 66 N.C. App. at 19, 310 S.E. 2d at 653. Such is not the case with the complained of evidence in this case. In this instance the evidence that defendant was facing a twenty-five hundred dollar fine showed that he had a specific need to obtain a large sum of money. This evidence was relevant because it tended to show that defendant had a motive for the commission of the robbery. Thus, the evidence was properly admitted pursuant to Rule 404(b).

Assuming *arguendo* that it had been error to admit such evidence, the error was harmless because the evidence against

defendant was so overwhelming that there is not a reasonable possibility that a different result would have been reached even if the complained of evidence had not been admitted.

No error.

Judge MARTIN concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

In my opinion, the evidence of defendant's conviction of another offense, presented in the State's case-in-chief, was inadmissible to show defendant's motive to commit the offense he was on trial for in this case. I cannot agree that the evidence against defendant in this case was so overwhelming as to render this error harmless. I vote to award defendant a new trial.