885 F.2d 866
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Walter Eugene SPINKS, Petitioner-Appellant,
v.
Gary T. DIXON, Attorney General of North Carolina,
Respondent-Appellee.
 No. 89-6591.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 14, 1989.
Decided Sept. 13, 1989.
 
 Walter Eugene Spinks, appellant pro se.
 Barry Steven McNeill, Office of the Attorney General of North Carolina, for appellee.
 Before K.K. HALL, MURNAGHAN, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Walter Spinks, a North Carolina prisoner, seeks review of the dismissal of his 28 U.S.C. Sec. 2254(d) petition. In his petition, Spinks only raised one issue--the propriety of the admission of a summary of a federal proceeding in which he pleaded guilty to an unspecified offense. The state has argued throughout all proceedings that the evidence was admissible to show Spinks' motive for the armed robbery with which he was charged because he was told at the federal proceeding that he faced a $2,500 fine.[1] On the other hand, Spinks contended that he had a ready source of money from his mother and brother out of the cash bond they had posted for him on the federal charge.[2] On appeal in North Carolina appellate courts and in the face of this same argument, Spinks' convictions were affirmed.[3] See State v. Spinks, 77 N.C.App. 657, 335 S.E.2d 785 (1985), aff'd, 316 N.C. 547, 342 S.E.2d 522 (1986).
 
 
 2
 Our review of state evidentiary challenges is limited to whether the admission of the disputed evidence violated fundamental fairness. See Stockton v. Virginia, 852 F.2d 740, 748 (4th Cir.1988), cert. denied, 57 U.S.L.W. 3588 (U.S. Mar. 6, 1989) (No. 88-1074). In this inquiry we are concerned with more than a mere disagreement over a state court interpretation of state law, see Shillcut v. Gagnon, 827 F.2d 1155, 1158 (7th Cir.1987), and instead, focus on the integrity of the trial.
 
 
 3
 Under these narrow constraints, we hold that the admission of this disputed evidence did not violate fundamental fairness. Initially, we note that the North Carolina courts approved the admission of this evidence on the basis that it tended to show Spinks' motive for the crime. We agree with this characterization--the logical inference from the evidence is that Spinks needed a large sum of money quickly. Spinks' argument that he already had the money to pay the fine is unpersuasive because the record shows that at the time of the hearing Spinks did not know definitely that he had access to his family's money and whether he ever obtained permission to use the money was a matter for the jury. That is, the disputed evidence was relevant and Spinks' contrary evidence goes only to the weight, if any, to be accorded the evidence. Moreover, we note that the transcript of the trial shows that the jury was never informed of the potentially prejudicial nature of the federal offense. See note 2 infra. Finally, the state judge exhibited commendable restraint in his instructions to the jury--he instructed the jury to limit its consideration of the evidence to whether it showed motive and to also consider the rebuttal evidence offered by Spinks. Under these circumstances, we hold that fundamental fairness was not violated.[4]
 
 
 4
 Accordingly, we grant leave to proceed in forma pauperis but deny a certificate of probable cause and dismiss the appeal. We dismiss with oral argument because the facts and legal contentions are adequately presented and oral argument would not aid the decisional process.
 
 
 5
 DISMISSED.
 
 
 
 [1]
 The federal proceeding was in the morning of March 8, 1984, and he was ordered to pay the fine on March 12. The state crime occurred on the night of March 8
 
 
 [2]
 Spinks was charged in federal court with possession of a firearm by a convicted felon
 
 
 [3]
 In the North Carolina Court of Appeals, Judge Wells dissented, opining that the admission of the disputed evidence warranted a new trial
 
 
 [4]
 In light of our disposition, we do not reach the question of whether the admission of the disputed evidence, if erroneous, was harmless