STATE OF NORTH CAROLINA, PLAINTIFF v. DANIEL ANDRE SMITH, DEFENDANT

No. 8914SC172

(Filed 7 November 1989)

1. **Searches and Seizures §§ 8, 33 (NCI3d) — warrantless entry into motel room — kidnapping in progress — items in plain view — admissibility**

In a prosecution of defendant for robbery, kidnapping, and rape, the trial court did not err in denying defendant's motion to suppress evidence obtained by a warrantless entry into defendant's motel room where a prudent person would

STATE v. SMITH

[96 N.C. App. 235 (1989)]

have believed that a robbery or attempted robbery and kidnapping had been committed, that the female at the motel was the victim, and that the man in defendant's room was the perpetrator; exigent circumstances obviated the necessity to secure a warrant where the arresting officer was alone, had reason to believe defendant might be armed, and was standing outside the open door to defendant's room at the end of a closed corridor with a limited view of the suspect; and the items enumerated in defendant's motion to suppress were in plain view, were properly subject to protective search, and were subject to seizure incident to a lawful arrest.

**Am Jur 2d, Searches and Seizures §§ 37, 54, 88.**

2. **Criminal Law §§ 86.2 (NCI3d), 1181 (NCI4th) — prior guilty plea — use for impeachment or aggravation of sentence — proof of validity of plea not on State**

The State does not bear the burden of proving the validity of a plea of guilty in a prior criminal matter before it may be used to impeach the defendant or to aggravate his sentence.

**Am Jur 2d, Evidence §§ 321, 333.**

3. **Criminal Law § 34.7 (NCI3d) — defendant's prior possession of cocaine — admissibility of evidence to show motive**

In a prosecution for robbery, kidnapping, and rape, the trial court did not err in allowing the prosecutor to elicit testimony concerning defendant's possession of cocaine on the day prior to his arrest for the crimes charged, since the evidence was admissible to show an alternative motive for the robbery, and the evidence against defendant concerning the crimes for which he was tried was so overwhelming that it was unlikely that the result at trial would have been different without the testimony about cocaine.

**Am Jur 2d, Evidence §§ 325, 333.**

APPEAL by defendant from *Hight (Henry W.), Judge.* Order entered 25 July 1988 in Superior Court, DURHAM County. Heard in the Court of Appeals 19 September 1989.

The defendant was tried by jury and found guilty of the offenses of common-law robbery, first-degree kidnapping and two counts of second-degree rape. He was convicted of kidnapping the

STATE v. SMITH

[96 N.C. App. 235 (1989)]

victim, "unlawfully confining her, restraining her, and removing her from one place to another without her consent." The jury found that the defendant kidnapped the victim "for the purposes of facilitating the commission of the felonies of rape and common law robbery and facilitating the defendant's flight following his participation in the commission of the felony of common law robbery.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Doris J. Holton, for the State.*

*Appellate Defender Malcolm Ray Hunter, by Assistant Appellate Defender Teresa A. McHugh, for defendant-appellant.*

LEWIS, Judge.

[1] The defendant argues that at the suppression hearing, the judge erred in denying defendant's motion to suppress evidence obtained by entry into the defendant's motel room. At the trial, the trial judge also admitted into evidence items that were seen and seized pursuant to an allegedly invalid entry and arrest. The defendant contends that the arresting officers did not have probable cause to arrest the defendant and that they therefore were not entitled to make a warrantless search of the defendant's motel room.

A Durham County police officer responded to a radio message dispatching him to the Happy Inn in Durham where he would find a "possible kidnap victim." On arriving, he interviewed the victim and compiled the following information based on that interview and on the messages which he had received during radio dispatches:

> A female desk clerk at Howard Johnson's was discovered missing from the hotel in the early morning when her relief arrived. Motel security had searched for the victim but did not locate her.
>
> A cash drawer was open and lying on the floor.
>
> The missing woman was located at the Happy Inn and was frantically crying and hysterical and her hair and clothing were in disarray.

The suspect was believed to be in Room 317 of the Happy Inn. The officer saw a man through a partially open door in Room 317, entered and arrested him. He was the defendant. At the suppression hearing, the judge ruled that the officer's entry into Room

317 was justified by probable cause and exigent circumstances, including the gravity of the offenses charged, the reasonable belief that the suspect may be armed, the reasonable belief the suspect was on the premises, the likelihood that the defendant would escape if not arrested swiftly, and the reasonableness of the manner of entry. Based on the facts and circumstances noted above, we agree that a prudent person would have believed that a robbery or attempted robbery and kidnapping had been committed, that the female at the Happy Inn was the victim, and that the man in Room 317 was the perpetrator.

We further find that exigent circumstances obviated the necessity to secure a warrant. *State v. Johnson*, 310 N.C. 581, 586, 313 S.E.2d 580, 583 (1984). The police officer was alone and, given the inherently violent nature of the crimes of robbery and kidnapping, had reason to believe the defendant might be armed. There was potentially a great risk of harm to the lone officer standing outside the open door to Room 317 at the end of a closed corridor with a limited view of the suspect, plus the possibility of the risk to guests in the motel should the defendant attempt to escape. An important consideration in assessing exigency is the likelihood of the destruction of evidence. *See Schmerber v. California*, 384 U.S. 757, 770 (1966). ("The officer . . . might reasonably have believed that he was confronted with an emergency, in which the delay necessary to obtain a warrant, under the circumstances, threatened 'the destruction of evidence.' ")

Subsequent to the arrest, two police officers searched the immediate surrounding area within reach of the defendant where they found a large roll of money in the pocket of defendant's jeans and a canvas belt with a looped configuration. The victim testified at trial that her hands had been tied behind her back with something that felt like a canvas belt. At the suppression hearing, the judge further ruled that the items enumerated in the defendant's motion to suppress were in plain view or were contained in objects in plain view of anyone lawfully in Room 317, that they were within the area which the defendant might have reached for a weapon and were properly subject to protective search, and that they were subject to seizure incident to a lawful arrest. We affirm these findings.

[2]   The defendant also contends that the trial court erred in ruling that the defendant's prior convictions were admissible to impeach

him and to aggravate his sentence. At the close of State's evidence, defense counsel argued that the prior convictions were invalid and inadmissible because there was no showing in the records that defendant's guilty pleas in those cases were knowing and voluntary.

There is no North Carolina case law which addresses the particular question of whether or not prior convictions are admissible in which the defendant made guilty pleas that may not have been knowing or voluntary. However, both the defendant and the State rely on the analogous case of *State v. Thompson*, 309 N.C. 421, 307 S.E.2d 156 (1983), and G.S. Section 15A-980. That statute states that a defendant "has the right to suppress the use of a prior conviction that was obtained in violation of his right to counsel" and that, if the defendant "proves that a prior conviction was obtained in violation of his right to counsel, the judge must suppress use of the conviction." The defendant argues that he complied with all of the requirements set out in the statute and in *State v. Thompson*. However, this Court notes a clear distinction between the defendant's right to counsel and the right of the defendant to enter guilty pleas knowingly and voluntarily. The former right "to suppress use of . . . prior convictions obtained in violation of right to counsel" is addressed directly by G.S. Section 15A-980. In this case, the defendant had counsel at the time that the guilty pleas were entered. The trial judge did not summon the attorney who formerly represented the defendant or the judge who accepted the prior pleas to testify. We uphold that decision. The State does not bear the burden of proving the validity of a plea of guilty in a prior criminal matter before it may be used to impeach the defendant or to aggravate his sentence.

[3] The defendant argues that the trial judge erred in allowing the prosecutor to elicit testimony concerning the defendant's possession of cocaine on the day prior to his arrest for kidnapping, rape and robbery. We hold that the trial court did not commit reversible error in admitting that testimony.

A defense witness testified that he and the defendant played cards and gambled in a neighborhood park on the day before the crimes. The witness stated that on that occasion he thought he saw cocaine in the defendant's hand. He had never seen the defendant with drugs before and he saw no one, including the defendant, in the park using any drugs that day. This testimony is admissible for the purpose of establishing a possible motive for the crimes.

Rule 404(b) of the North Carolina Evidence Code, G.S. Section 8C-1 *et seq.*, provides that evidence of other crimes is admissible to show motive. The defendant's motive for the robbery was a highly contested issue in this case. The victim had already testified concerning one possible motive. During the State's case-in-chief, the victim stated on direct examination that the defendant had told her he needed money for presents for his family. In rebuttal, the defense called the witness in question who testified that the defendant gambled on the day before the robbery and was winning the card game when the witness left. The State's cross-examination of the witness regarding the defendant's possession of cocaine tended to establish an alternative motive for the robbery. *See State v. Emery*, 91 N.C. App. 24, 33, 370 S.E.2d 456, 461, *disc. rev. denied*, 323 N.C. 627, 374 S.E.2d 594 (1988); *State v. Spinks*, 77 N.C. App. 657, 659, 335 S.E.2d 786, 787-88 (1985), *aff'd*, 316 N.C. 547, 342 S.E.2d 522 (1986).

The defendant was not unfairly prejudiced by the witness' testimony on cross-examination. Rule 404(b) states that the defendant would be prejudiced if the evidence in question shows that he has in the past committed similar crimes. *State v. Cashwell*, 322 N.C. 574, 579, 369 S.E.2d 566, 569 (1988). The defendant's alleged possession of cocaine is not a crime which is "similar" to the crimes of rape, kidnapping or robbery nor does it indicate that the defendant has a proclivity towards violence. The witness' testimony also was tentative and was not explicit in that he stated that he was not certain that the defendant had cocaine. It is unlikely that the result at trial would have been different without this testimony about the cocaine since the evidence against the defendant concerning the crime for which he was tried was overwhelming.

No error.

Judges PHILLIPS and COZORT concur.