STATE OF NORTH CAROLINA v. GARY DEAN PICKARD

No. 9217SC122

(Filed 21 July 1992)

1. **Criminal Law § 1133 (NCI4th)— aggravating factors— inducement of others—evidence sufficient**

The evidence was sufficient in a prosecution for burglary and larceny for the trial court to find the aggravating factor that defendant induced others to participate where Minor, a 16 year old at the time of trial, asked to use defendant's

telephone; defendant, a 24 year old adult, told him that defendant could hook his telephone to his neighbors' line while they were not at home; it is apparent that Minor and Tate had not considered burglary until defendant asked them if they wanted to break into the neighbors' residence; defendant also supplied the information that the neighbors, the Faynes, worked second shift and would not be home until at least 11:00 p.m.; and defendant's conduct "brought about," "caused," or "influenced" Minor to commit the offenses. N.C.G.S. § 15A-1340.4(a)(1)a.

**Am Jur 2d, Burglary § 72.5; Criminal Law §§ 163 et seq.**

2. **Criminal Law § 1185 (NCI4th) — aggravating factors — prior convictions — guilty pleas — validity of pleas**

The trial court did not err by using prior convictions to aggravate defendant's sentences for burglary and larceny where the State offered a certified copy of a consolidated judgment which had been entered pursuant to guilty pleas and which reflected that defendant was represented by retained counsel and had pled guilty freely, voluntarily, and understandingly. Although defendant asserted that the court could not consider these prior convictions because defendant testified that he had no recollection of being advised of his rights by the judge before entering his plea and the State could not produce more detailed court records, it is evident from the judgment and from defendant's testimony that he had been represented by and was satisfied with counsel, defendant stated at the sentencing hearing that he had pleaded guilty because he was guilty, and the State does not bear the burden of proving the validity of a guilty plea in a prior criminal matter where defendant had counsel at the time the guilty pleas were entered.

**Am Jur 2d, Burglary § 63; Larceny § 153.**

**Adequacy of defense counsel's representation of criminal client regarding prior offenses and convictions. 14 ALR4th 227.**

3. **Criminal Law § 263 (NCI4th) — burglary and larceny — continuance denied — prior testimony — lack of time to review transcript**

The trial court did not err in a prosecution for burglary and larceny by denying defendant's motion for a continuance

where defendant asserted that he did not receive a fair trial because he did not have the transcript of the prior trial of an accomplice and was unable to effectively cross-examine another accomplice concerning the accomplice's testimony in the prior trial. Defendant's mere intangible hope that something helpful to defendant may have turned up in the accomplice's testimony did not afford him a basis for delaying trial.

**Am Jur 2d, Continuance §§ 65, 70, 107.**

**Admissions to prevent continuance sought to secure testimony of absent witness in criminal case. 9 ALR3d 1180.**

**4. Criminal Law § 414 (NCI4th) — burglary and larceny — right to conclude argument**

The trial court did not err in a burglary and larceny prosecution by denying defendant's motion for final argument to the jury where defendant had offered evidence.

**Am Jur 2d, Trial § 71.**

APPEAL by defendant from judgments entered 28 June 1991 in CASWELL County Superior Court by *Judge Joseph R. John.* Heard in the Court of Appeals 19 June 1992.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General William H. Borden, for the State.*

*Wishart, Norris, Henninger & Pittman, P.A., by D. Thomas Lambeth, Jr., and June K. Allison, for defendant-appellant.*

WYNN, Judge.

Defendant was charged in a proper bill of indictment with second degree burglary and felonious larceny. The State's evidence presented at trial tends to show: On 2 January 1991, Michael Todd Minor and his half-brother, Harry Tate, went to visit defendant at his home at approximately 2:30 p.m. Minor was driving his 1968 Ford pickup truck which was lime green with primer spots on it. After eating dinner at defendant's home, Minor asked defendant if he could use the telephone. Defendant told Minor that his telephone was not hooked up but that defendant could take his telephone over to his next-door neighbors and "hook it up" to their box. Defendant stated that his neighbors, Joe and Vickie Fayne, were not at home because they worked second shift and

they would not get home until approximately 11:00 or 11:30 p.m. Minor, Tate, and defendant walked to the Fayne residence at approximately 8:30 p.m. Defendant began to "hook the phone up" and then he asked Tate and Minor if they wanted to break into the Faynes' home. Tate and Minor agreed. Either defendant or Tate kicked or pushed the door in and the three men went inside. The men took a VCR, a shotgun, a pistol, and some binoculars from the home and put them in Minor's truck which was parked at defendant's residence. Defendant and Tate went back to the Fayne residence and returned with a television, a radio, and a jewelry box. The two men put those items into the back of Minor's truck. The men then attempted to pick up some items, including jewelry and shotgun shells, which had fallen out into the yard as Tate and defendant were carrying things to Minor's truck. The men then got into Minor's truck and took the stolen items to Jimmy Baize's house and left the items on his porch. Tate thought that Baize might be able to sell the stolen property for them. Minor took defendant home at approximately 10:00 or 10:30 p.m. because defendant wanted to be home when the Faynes got home from work.

Vickie Fayne testified that on the day in question, she and her husband left for work between 2:15 and 2:25 p.m. As she was leaving, Vickie Fayne noticed two young men getting out of a lime green truck at defendant's home. She identified the men as Tate and Minor. Fayne further testified that she returned home at approximately 11:30 p.m. and realized that some items were missing from her home. She called her husband and then the sheriff's department. Officer Johnny Hodges, an employee of the Caswell County Sheriff's Department, arrived at the scene. Fayne told Hodges what items were missing, including her jewelry box. She also told him that the jewelry box contained various items of jewelry and some receipts for items that she had purchased. During his investigation, Hodges and another officer found a trail of jewelry and receipts which went diagonally across the yard toward defendant's residence. The trail of items ended in defendant's driveway approximately thirty or forty feet from the entrance to defendant's residence.

Defendant was convicted as charged and was sentenced to twenty-eight years imprisonment for the second degree burglary offense and nine years imprisonment for the larceny offense. Defendant appealed.

**[1]** Defendant first contends the trial court erred in finding as an aggravating factor that defendant induced others to participate in the burglary and larceny. He asserts that the evidence was not sufficient to support the finding of this aggravating factor because according to Minor's testimony, defendant merely "suggested" or "asked" Minor and Tate if they wanted to break into the Fayne residence.

The State bears the burden of persuasion on aggravating factors if it seeks a term greater than the presumptive. *State v. Jones*, 309 N.C. 214, 306 S.E.2d 451 (1983). The trial judge's finding of an aggravating factor must be supported by a preponderance of the evidence introduced at the sentencing hearing. N.C. Gen. Stat. § 15A-1340.4(a), (b) (1988); *State v. Ahearn*, 307 N.C. 584, 300 S.E.2d 689 (1983). Under N.C. Gen. Stat. § 15A-1340.4(a)(1)a, a sentencing judge may find as an aggravating factor that "[t]he defendant induced others to participate in the commission of the offense or occupied a position of leadership or dominance of other participants." In *State v. SanMiguel*, 74 N.C. App. 276, 328 S.E.2d 326 (1985), this Court stated:

> Induce is defined by Black's Law Dictionary . . . as "[t]o bring on or about, to affect, cause, to influence to an act or course of conduct, lead by persuasion or reasoning, incite by motives, prevail on." Webster's New Collegiate Dictionary . . . similarly defines induce as "to lead on: move by persuasion or influence," to "bring about by influence," and to "effect, cause."

*Id*. at 281, 328 S.E.2d at 330.

It is clear from the preponderance of the evidence presented in this case, that defendant induced Minor, a 16-year-old at the time of trial, and Tate to a course of conduct. Minor had merely asked to use defendant's telephone when defendant, a 24-year-old adult, told him that defendant could hook his telephone up to the Faynes' line while they were not at home. While Minor agreed to that plan, it is apparent that he and Tate had not considered burglary until defendant asked them if they wanted to break into the Fayne residence. Defendant also had supplied the information that the Faynes worked second shift and would not be home until at least 11:00 p.m. As such, defendant's conduct "brought about," "caused," or "influenced" Minor to commit the offenses. Thus, we hold that the trial court did not err in finding this aggravating factor. This assignment of error is without merit.

STATE v. PICKARD

[107 N.C. App. 94 (1992)]

[2] Defendant next contends the trial court erred "in considering evidence of the defendant's prior convictions in sentencing and in finding that such convictions constituted an aggravating factor as such convictions were obtained upon defendant's pleas of guilty and the record does not reflect that such pleas were voluntary and knowing." At the sentencing hearing, the State offered a certified copy of a consolidated judgment suspending defendant's sentence for convictions of two counts of contributing to the delinquency of a minor, attempted breaking or entering a coin operated machine, and misdemeanor breaking or entering and larceny. This judgment was entered on 11 September 1984 pursuant to defendant's pleas of guilty. The judgment reflects that defendant was represented by retained counsel, Wade Harrison, and that defendant "freely, voluntarily, and understandingly pled guilty" to the offenses. Defendant asserts the trial court could not consider these prior convictions in aggravation of his sentence because defendant testified at the sentencing hearing that he had "no recollection of being advised of his rights by the judge before entering guilty pleas" and the State could not produce "more detailed court records" which would show that the trial judge "properly discharged his function . . . ." In an attempt to support his argument, defendant cites several cases dealing with a defendant's right to counsel, none of which are applicable to this case.

It is evident from the judgment entered on 11 September 1984 and from defendant's testimony at the sentencing hearing on 27 June 1991 that defendant was represented by and satisfied with counsel when he pled guilty to the prior offenses. Additionally, at the sentencing hearing, defendant stated, "I was guilty then and I plea bargained and took a lesser sentence because I done it." This Court in *State v. Smith*, 96 N.C. App. 235, 385 S.E.2d 349 (1989), *disc. review denied*, 326 N.C. 267, 389 S.E.2d 119 (1990), noted a distinction between a defendant's right to counsel and the right of a defendant to enter pleas knowingly and voluntarily. In *Smith*, the Court stated that under N.C. Gen. Stat. § 15A-980, where the defendant proves that a prior conviction was obtained in violation of a defendant's right to counsel, the trial judge must suppress the use of the prior conviction. However, the Court went on to hold that where the defendant had counsel at the time that the guilty pleas were entered, the State does not bear the burden of proving the validity of a plea of guilty in a prior criminal matter before the conviction may be used to impeach the defendant or

to aggravate his sentence. Thus, we conclude the trial court did not err in using the challenged prior convictions to aggravate defendant's sentence. This assignment of error is meritless.

[3]   By his next assignment of error, defendant argues the trial court erred "in denying defendant's motion to continue because such failure prohibited defendant's counsel from fully preparing to impeach the testimony of the State's chief prosecuting witness and denied the defendant a fair trial." Prior to trial, defendant moved for a continuance based on the grounds that it was necessary for the preparation of defendant's trial to have a transcript from the trial of Harry Tate. Defendant specifically asserts that he did not receive a fair trial because he was unable to effectively cross-examine Todd Minor concerning Minor's prior testimony in the State's case against Harry Tate.

It is well established that a motion for a continuance, even when filed in a timely manner pursuant to N.C. Gen. Stat. § 15A-952 (1991), is ordinarily left to the sound discretion of the trial judge whose ruling thereon is not subject to review absent an abuse of such discretion. *State v. Branch,* 306 N.C. 101, 291 S.E.2d 653 (1982). However, it is equally well established that when a motion for a continuance raises a constitutional issue, the trial court's action upon it involves a question of law which is fully reviewable by an examination of the particular circumstances of each case. *State v. Searles,* 304 N.C. 149, 282 S.E.2d 430 (1981). Even where the motion raises a constitutional question, its denial is grounds for a new trial only upon a showing by the defendant that the denial was erroneous and also that his case was prejudiced as a result of the error. *Branch,* 306 N.C. at 104, 291 S.E.2d at 656 (1982). "A continuance is proper if there is a belief that *material* evidence will come to light and such belief is reasonably grounded on known facts, but a mere intangible hope that something helpful to the litigant may possibly turn up affords no sufficient basis for delaying a trial." *State v. Pollock,* 56 N.C. App. 692, 693-94, 289 S.E.2d 588, 589, *disc. review denied and appeal dismissed,* 305 N.C. 590, 292 S.E.2d 573 (1982). A trial judge should not grant a continuance unless the reasons therefore are fully established. *State v. Horner,* 310 N.C. 274, 311 S.E.2d 281 (1984). Therefore, an affidavit showing sufficient grounds should be filed in support of a motion to continue. *Id.*

In the present case, defendant did not support his motion with an affidavit. In his motion, he merely asserted that it was "necessary for the defendant's preparation and for the handling of his trial that he have a trial transcript from the Harry Tate trial." Prior to trial, defense counsel told the trial judge that he had seen the Tate transcript except for Minor's testimony. He also stated:

> We were here for the entire [Tate] trial. I have some notes from that trial, but my only problem is that, if he deviates from what I remember him saying, I have no way to verify that under oath without the transcript. There may be some discrepancies. I don't know. We would, Your Honor, for the record, renew the motion to continue on that basis.

Even assuming that the trial court erred in denying his motion for a continuance, we believe that defendant has failed to show any prejudicial error. Defendant's mere intangible hope that something helpful to defendant may have turned up in Minor's testimony did not afford him a basis for delaying trial. This assignment of error is overruled.

[4] Lastly, defendant contends the trial court erred "in denying the defendant's motion for final argument to the jury, such denial denying the defendant his constitutional right to due process of law and a fair trial." We disagree.

Where a defendant offers evidence at trial, the prosecution has a right to make the opening and closing argument to the jury. Superior and District Court Rule 10; *See also State v. Hinson*, 310 N.C. 245, 311 S.E.2d 256, *cert. denied*, 469 U.S. 839, 83 L.Ed.2d 78 (1984); *State v. Taylor*, 289 N.C. 223, 221 S.E.2d 359 (1976). This contention, like the others, is without merit.

Defendant had a fair trial free from prejudicial error.

No error.

Chief Judge HEDRICK and Judge JOHNSON concur.